Phillip Paul Weidner
Lisa Rosano
Phillip Paul Weidner & Associates
431 W. 7th Ave., Ste. 101
Anchorage, Alaska 99501
(907) 276-1200 (tel.)
(833) 594-1281 (fax)
phillipweidner@weidnerjustice.com
lrosano@weidnerjustice.com
mberns@weidnerjustice.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| TARA BORGAARD; DANIEL BORGAARD; AALIYAH BORGAARD; Q.B., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. _____ |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

COME NOW Plaintiffs, Tara Borgaard, Daniel Borgaard, Aaliyah Borgaard, and Q.B., by and through their attorneys, Phillip Paul Weidner & Associates, APC, and hereby state, claim, plead and allege as follows:

### INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq*.) and 28 U.S.C § 1346(b)(1), for negligence and professional malpractice in connection with medical care

provided to Plaintiff Tara Borgaard at the Southeast Alaska Regional Health Consortium [SEARHC] Mt. Edgecumbe Medical Center in Sitka, Alaska (hereinafter referred to as "SEARHC.").

2. The Indian Health Service ["IHS"] is a health care system established to meet Federal trust responsibilities to Native Americans and Alaska Native People. The IHS provides comprehensive health service delivery to Alaska Native People through clinics, hospitals, health centers, health stations, throughout the country.

3. The Southeast Alaska Regional Health Consortium ["SEARHC"] was established in 1975 under the provisions of the Indian Self-Determination and Education Act ["ISDEAA"]. SEARHC's contracting with IHS began in 1976. In 1982, SEARHC assumed responsibility for managing the Mt. Edgecumbe Hospital Campus and the provision of health care to IHS beneficiaries and patients.

4. The IHS is an operating division within the United States Department of Health and Human Services ["DHHS"]. Therefore, any malpractice or injury involving an incident at an IHS or Tribal health care provider or facility implicates the Federal Tort Claims Act such that their employees are deemed employees of the IHS and/or DHHS and any claim as to the conduct of the IHS or Tribal health care provider or facility is a claim against the United States of America.

WEIDNER & ASSOCIATES
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax (833) 594-1281

5. Accordingly, the claims herein are brought against the Defendant United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

6. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act, Standard Form 95. Each of the Plaintiffs have filed the Standard Form 95.

7. This suit has been timely filed, in that Plaintiffs timely served their respective notices of claims on the DHHS and IHS less than two years after the incident forming the basis of this Complaint.

8. The United States has made a final disposition of the Federal Tort Claims of Plaintiffs, and less than six months have passed since the date of disposition. Accordingly, Plaintiffs are timely filing this Complaint in the United States District Court pursuant to 28 U.S.C. § 2675(a).

9. Accordingly, these claims are timely filed under 28 U.S.C. § 2401(a)(b) and 28 U.S.C. § 2675(a).

## PARTIES, JURISDICTION, AND VENUE

10. Plaintiffs Tara Borgaard, Daniel Borgaard, Aaliyah Borgaard, and Q.B. currently reside in Indiana. However, at the time of the injury to Plaintiff Tara Borgaard, the Plaintiffs were residents of the State of Alaska, First Judicial District at Sitka, Alaska.

11. SEARHC operates the SEARHC Mt. Edgecumbe Medical Center at Sitka, Alaska.

12. On November 25, 2019, Tara Borgaard was a patient at SEARHC Mt. Edgecumbe Medical Center at Sitka, Alaska. She had laparoscopic cholecystectomy, performed by Dr. Melissa A. DeWolfe.

13. On information and belief, at the time of the negligent and/or grossly deficient and reckless acts complained of herein, Dr. DeWolfe was employed by the United States of America as a physician, and acting within the scope and course of her employment with Defendant United States of America such that the United States is liable for her negligent or wrongful acts or omissions.

14. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the SEARHC Mt. Edgecumbe Medical Center at Sitka, Alaska, are hereinafter collectively referred to as "SEARHC" and/or "United States."

15. At all times relevant to this Complaint, SEARHC held itself out to the Plaintiffs as a provider of high-quality health care services, with the expertise necessary to maintain the health and safety of patients like Tara Borgaard.

16. Upon information and belief, all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore,

WEIDNER & ASSOCIATES
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax (833) 594-1281

the Defendant is responsible for the negligent acts of its employees and agents, under respondeat superior and is responsible for hiring, training and supervising said employees and agents.

17. By filing this Complaint, it is the Plaintiffs' intent to provide Defendant notice and to seek recovery from Defendant for all of Defendant's culpable conduct based upon all relevant causes of action as applicable under state and federal law, including all statutory, constitutional, and common law.

18. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

19. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Alaska.

## FACTUAL ALLEGATIONS

20. On November 25, 2019, Tara Borgaard was a patient at SEARHC. Dr. Melissa A. DeWolfe performed a laparoscopic cholecystectomy on Tara Borgaard. Dr. DeWolfe misidentified the biliary structures and transected the common bile duct. She failed to follow proper surgical technique, failed to properly identify the ductal structures, and failed to properly identify the structures and know what she was clipping/cutting, before clipping/cutting. She should have securely identified the cystic duct and the cystic artery prior to dissection. As a result, the common bile duct was transected. This resulted in an emergent situation, and Tara had to be transported via medevac to Swedish Health Services in Seattle for care.

21. Tara Borgaard was treated emergently at Swedish Health Services. On November 27, 2019, Dr. Darlene Barr performed a Roux-en-Y hepaticojejunostomy on Tara Borgaard.
22. Tara Borgaard thereafter returned home to Sitka, Alaska but went back to SEARHC when her symptoms deteriorated. Due to further complications and infection, she was transported on December 9, 2019, to Swedish Health Services for treatment for bile peritonitis.
23. Complications experienced by Tara Borgaard were a tragic, but foreseeable consequence of the negligent and/or reckless conduct of the Defendants.
24. It was below the standard of care, and moreover, grossly deficient, and reckless for Dr. DeWolfe to have performed the surgery in the manner she did, including misidentifying the biliary structures and transecting the common bile duct.
25. As a direct and proximate result of the culpable conduct, Tara Borgaard suffered serious injuries, great pain and suffering, and fear of death. She faces the possibility of future complications, including future bile duct repairs and possible liver complications.
26. Tara Borgaard continues to suffer from her injuries, including permanent impairment, surgical procedures, medical complications resulting from the medical negligence, impacts to her quality of life and health, including difficulties in eating/digesting, and impairment of her quality of life,

WEIDNER & ASSOCIATES
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax (833) 594-1281

enjoyment of life, relationship with her husband and children, psychological trauma, and loss of income and/or earning capacity.

27. Daniel Borgaard, Aaliyah Borgaard, and Q.B. suffered psychological harm and injury, negligent infliction of emotional distress, and loss of consortium from seeing Tara Borgaard endure her medical emergencies, and from seeing Tara traumatized and suffering from her injuries. They did not have adequate time to steel themselves before witnessing Tara fighting for life. Daniel Borgaard, in particular, travelled with Tara to Swedish Health Services in Seattle. As a result of witnessing Tara's suffering, they suffered extreme psychological injury and emotional distress.

28. In addition, Tara's husband and children have suffered, and will continue to suffer, the deprivation of companionship, comfort, affect, society, solace and moral support of Tara- as to Daniel, his spousal relationship, and as to the children, their relationship with their mother.

## CAUSES OF ACTION

### COUNT 1- MEDICAL MALPRACTICE NEGLIGENCE AND/OR RECKLESSNESS

29. Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

30. The Defendant and its agents had a duty to provide medical services to Tara Borgaard that met the standard of care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise Defendant owed its patients, including the Plaintiff Tara Borgaard.

WEIDNER & ASSOCIATES
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax (833) 594-1281

31. The Defendant and its agents breached its duty of care to Ms. Borgaard. The Defendant negligently and/or recklessly treated Tara Borgaard.

32. At all times relevant to this Complaint, the Defendant and its agents had a duty to hire and train and supervise competent operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including Tara Borgaard. The Defendant knew, or should have known, that the medical staff members of the facility were not property trained, and/or supervised, in a manner necessary to provide a level of care for Tara Borgaard that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise the Defendant represented it had.

33. The Defendant breached its duty by negligently hiring incapable and/or inexperienced and/or unqualified operators, administrators, employees, agents and staff.

34. The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents, and staff in order to meet its standards of quality of care of its patients, including Tara Borgaard.

35. The Defendant breached its duty by negligently retaining incapable and/or inexperienced and/or unqualified operators, administrators, employees, agents, and staff.

WEIDNER & ASSOCIATES
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax (833) 594-1281

36. As a direct and proximate result of the Defendant's negligence, Tara Borgaard sustained serious and permanent injuries; she has incurred medical expenses and other damages and will continue to incur medical expenses and other damages in the future. Tara Borgaard endured pain, and suffering and mental anguish, and will continue to endure pain, suffering and mental anguish in the future. Tara Borgaard has suffered a loss of the enjoyment of life and will continue to suffer a loss of the enjoyment of life in the future. Tara Borgaard has lost earnings and will continue to lose earnings in the future. Additionally, as a direct and proximate result of the culpable conduct, the Plaintiffs, Daniel Borgaard, Aaliyah Borgaard, and Q.B., suffered injury, including emotional distress and loss of consortium.

37. The acts and/or omissions set forth above would constitute a claim under the law of the State of Alaska.

38. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## COUNT 2- VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, APPARENT AGENCY AND/OR AGENCY

39. Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

40. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents and staff of SEARHC Mt. Edgecumbe Medical Center acted within their respective capacities and scopes of employment for the Defendant.

WEIDNER & ASSOCIATES
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax (833) 594-1281

Case 3:23-cv-00286-JMK   Document 1   Filed 12/21/23   Page 9 of 12

Page 9 of 12

41. The directors, officers, operators, administrators, employees, agents of SEARHC Mt. Edgecumbe Medical Center and staff negligently and/or recklessly, directly and proximately caused personal injury to Tara Borgaard, including both acts of omission and acts of commission.

42. As a direct and proximate result of the Defendant's negligence, Tara Borgaard sustained serious and permanent injuries; she has incurred medical expenses and other damages and will continue to incur medical expenses and other damages in the future. Tara Borgaard endured pain, and suffering and mental anguish, and will continue to endure pain, suffering and mental anguish in the future. Tara Borgaard has suffered a loss of the enjoyment of life and will continue to suffer a loss of the enjoyment of life in the future. Tara Borgaard has lost wages and earnings; any will continue to lose wages and earnings in the future.

43. As a direct and proximate result of the Defendant's negligence and/or that of Defendants' agents, Daniel Borgaard, Aaliyah Borgaard, and Q.B. suffered negligent infliction of emotional distress and loss of consortium.

44. The acts and/or omissions set forth above would constitute a claim under the law of the State of Alaska.

45. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## COUNT 3- NEGLIGENT HIRE/SUPERVISION/TRAINING

46. Plaintiffs reallege and reincorporates each and every allegation above as if fully set forth herein.

WEIDNER & ASSOCIATES
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax (833) 594-1281

47. Defendant owed Tara Borgaard the duty to exercise reasonable care to employ, supervise, control and retain competent and careful medical providers, optometrists, and technicians to provide adequate and competent medical care to Plaintiff.

48. The Defendant failed to exercise reasonable care in supervising and training its employees and/or agents.

49. As a direct and proximate result of said failure, Tara Borgaard suffered serious injuries. Additionally, as a direct and proximate result of said failure, Daniel Borgaard, Aaliyah Borgaard, and Q.B., suffered injury.

## COUNT 4- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

51. The negligent and/or reckless actions of the Defendant and their agents caused foreseeable physical injury and severe emotional distress to Plaintiffs Tara Borgaard, and her husband Daniel Borgaard, and their children Aaliyah Borgaard and Q.B. and they continue to suffer from same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

1. Compensatory damages on behalf of Plaintiff Tara Borgaard for medical expenses, lost wages and earnings, pain and suffering, future impairment and loss of enjoyment of life, totaling $3,000,000.

2. Compensatory damages on behalf of Daniel Borgaard for negligent infliction of emotional distress and loss of consortium, in the amount of $1,000,000.

3. Compensatory damages on behalf of Aaliyah Borgaard, for negligent infliction of emotional distress and loss of consortium, in the amount of $500,000.

4. Compensatory damages on behalf of Q.B. for negligent infliction of emotional distress and loss of consortium, in the amount of $500,000.

5. Prejudgment and post-judgment interest in the maximum amount allowed by law.

6. Costs and attorney's fees incurred in this action, together with such further and additional relief at law or in equity that this Court may deem proper.

Dated this 19th day of December 2023.

WEIDNER & ASSOCIATES
*A Professional Corporation*

By: *Phillip Paul Weidner*
Phillip Paul Weidner
ABA No. 7305032

WEIDNER & ASSOCIATES
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax (833) 594-1281